UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nick McGovern,<br><br>Plaintiff,<br><br>vs.<br><br>EquityExperts.org, L.L.C., doing business as Equity Experts,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff Nick McGovern, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff Nick McGovern (hereinafter "Plaintiff") is a natural person residing in the County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant EquityExperts.org, L.L.C., (hereinafter "Equity Experts" or "Defendant"), is a Business Corporation, organized under the laws of Minnesota, registered at the following address: 1660 S. Highway 100, STE 500A, St. Louis Park, MN 55416, and a home office address of 2391 Pontiac Road, Auburn Hills, MI 48326.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a financial obligation (hereinafter the "Alleged Debt") with Wallington-Berkeley Condominium Associates (hereinafter "Wallington" or "creditor"), which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9. The Alleged Debt was for Home-Owner Association Fees and is primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

10. Sometime before October 2016, the Alleged Debt was consigned, placed, sold, assigned or otherwise transferred to HOA Financial Services, LLC, for collection from Plaintiff.

11. On or about March 17, 2017, judgment was entered on Plaintiff for the Alleged Debt, bearing court number 02-cv-17-794 in the amount of $3,787.75 (*See* Exhibit 1- MNCIS ROA).

12. Plaintiff was levied on April 24, 2017, June 6, 2017, June 21, 2017, and July 17, 2017.

13. Sometime on or about June 23, 2017, Plaintiff owed a total of $2,206.65 on the Alleged Debt and had entered into a payment plan and worked closely with HOA Financial, LLC's legal representation to satisfy the debt.

14. While Plaintiff was making payments to his judgment Obligation, Wallington-Bekeley Condominium Association continued charging him membership fees and he allegedly incurred more of a financial obligation with Defendant.

15. Defendant attempted to state that this was a new debt, but it was not.

16. The alleged debt (hereinafter "Alleged Debt #2") was for Home-Owner Association Fees and is primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

17. Sometime in September 2017, both debts were consigned, placed, sold, assigned or otherwise transferred from HOA Financial Services, LLC, to Defendant Equity Experts for collection from Plaintiff.

18. Plaintiff made three payments toward his balance with HOA Financial, LLC: The first on August 3, 2017 for $1,000.00; the second on September 7, 2017 for $1,000.00; and the third on October 12, 2017 for $567.29. In doing so, Plaintiff had satisfied his obligations to HOA Financial, LLC, (*See* Exhibit 2- Payments).

19. On or about November 3, 2017, Plaintiff received a debt collection notice from Defendant Equity Experts, which demanded an unpaid balance of $1,785.71 (*See* Exhibit 3, Equity Expert November 3 letter).

20. Sometime after receiving Defendant's November 3, 2017, letter, Plaintiff called Defendant to discuss the account. On this call, Plaintiff was notified by Defendant's representative that the initial amount shown on his November 3, 2017, letter was incorrect and not the amount he owed.

21. On or about December 4, 2017, Plaintiff received a second debt collection letter from Defendant which demanded an unpaid balance of $3,460.66 (*See* Exhibit 4, Equity Expert's December 4, 2017, letter).

22. Sometime after receiving the December 4, 2017, letter, Plaintiff contacted Defendant and inquired about the account. Again, Plaintiff was told by Defendant's representative that the balance may be incorrect "here and there."

23. On or about December 7, 2017 Defendant Equity Experts sent by email Plaintiff's billing statement and ledger for the alleged account it had with them (*See* Exhibit 5, Email Correspondence between Plaintiff and Defendant Equity Experts).

24. The billing statement was incorrect and showed satisfied debts allegedly owed by Plaintiff.

25. On or about December 7, 2017, Plaintiff notified Defendant's representative that the accounting on the ledger amount owed was inaccurate and requested verification of the amount owed. Plaintiff also notified Defendant's representative that he was current on

everything except his new collection with HOA Financial, LLC, for $2,127.95. (*See* Exhibit 5, Email Correspondence between Plaintiff and Defendant Equity Experts).

26. On or about December 7, 2017, Defendant's representative responded to Plaintiff in an email and stated that "the $2,127.96 is the opening principal balance in our office. That is the balance due to the HOA when we opened your account in our office. The $547.29 is what is due in collection fees at this time." (*See* Exhibit 5, Email Correspondence between Plaintiff and Defendant Equity Experts).

27. Plaintiff did not receive any additional correspondence from Defendant and thus, formally disputed his debt in an email. (*See* Exhibit 6, Plaintiff's dispute letter).

28. Plaintiff received a response from Defendant's representative on December 15, 2017, explaining that they could not adequately explain Plaintiff's debt obligation and that they will follow up with him on December 18, 2017. (*See* Exhibit 7, Defendant's December 15 Email).

29. Plaintiff never received verification of his debt from Defendant. Defendant failed to provide validation of Plaintiff's debts as instructed by 15 U.S.C. 1692g(a).

30. Plaintiff continued to receive debt collection letters from Defendant after his dispute dated December 20, 2017, and January 3, 2018. (*See* Exhibit 8, Defendant's continued collection letters).

31. Defendant violated 15 U.S.C. 1692g(b) by continuing their attempts to collect the alleged debt from Plaintiff without providing verification after requested.

32. Defendant violated 15 U.S.C. § 1692e preface and e(10) because it used false, misleading and deceptive means in connection with the collection of Plaintiff's alleged debt when it attempted to collect a debt that had been disputed and not verified.

33. Defendant violated 15 U.S.C. 1692e(2)(A) by falsely representing the character, amount, and legal status of Plaintiff's alleged debt obligation.

34. Plaintiff has incurred actual damages in the form anxiety, stress, feelings of hopelessness, restlessness and sleepless nights, as well as, other forms of emotional distress.

35. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as, attorney's fees, as a result of Defendant's acts and omissions.

### Respondeat Superior Liability

36. The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

37. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

38. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

39. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state

and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

41. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

42. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

43. As a result of said violations, Plaintiff has suffered actual damages in the form of anxiety, stress, feelings of hopelessness, restlessness and sleepless nights, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

44. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

45. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory that Defendant's conduct violated the FDCPA and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

- For such other and further relief as may deem just and proper.

Dated: 4-4-18

FIELDS LAW FIRM

By: _____
Blake R. Bauer
Attorneys for the Plaintiff
Attorney I.D. Nos.: 0396262
701 Washington Ave N, Suite 300
Minneapolis, MN 55401
Telephone: 612-370-1511

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

I, Nick McGovern, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Nick McGovern

Subscribed and sworn to before me
this 18 day of April 2018.

_____
Notary Public

TALIA E. LOCH
Notary Public
Minnesota
My Commission Expires January 31, 2019

