UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NICK MCGOVERN,

    Plaintiff,

vs.

EQUITYEXPERTS.ORG, L.L.C., doing business as Equity Experts,

    Defendant.

Case No.
0:18-cv-01083 (DSD)(HB)

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT EQUITYEXPERTS.ORG, L.L.C.**

Defendant, EquityExperts.org, L.L.C., d/b/a Equity Experts ("Equity Experts"), by and through its undersigned counsel, hereby submits this Answer with Affirmative Defenses to the Complaint filed by Plaintiff Nick McGovern ("Plaintiff"), stating as follows:

**ANSWER TO PRELIMINARY STATEMENT**

1. Admitted in part and denied part. Equity Experts admits that Plaintiff brings this action premised on allegations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Defendant denies any liability or illegal practices under the FDCPA and denies that Plaintiff is entitled to any relief.

**ANSWER TO JURISDICTION AND VENUE**

2. Admitted in part and denied part. Defendant admits that this Court has jurisdiction over this action but denies any remaining allegations of this paragraph.

3. Denied. Equity Experts denies the allegations set forth in this paragraph.

4. Admitted in part and denied part. Equity Experts admits that this Court is the proper venue for this action and, on information and belief, that Plaintiff resides in this District, but denies any remaining allegations of this paragraph. Equity Experts transacts business in this District via means of interstate communications only.

## ANSWER TO PARTIES

5. Admitted in part and denied in part. Equity Experts admits that Plaintiff is an individual. Equity Experts denies the remaining allegations as Equity Experts lacks sufficient knowledge, information or belief as to whether Plaintiff resided in the County of Anoka, State of Minnesota, at all times relevant to this litigation and whether he incurred the debt at issue primarily for personal, household or family purposes such that he is a consumer as defined under 15 U.S.C. § 1692a(3); therefore Equity Experts denies the same and leaves Plaintiff to his proofs.

6. Admitted in part and denied in part. Equity Experts denies that it is organized under the laws of Minnesota. Equity Experts affirmatively states that it is a Michigan limited liability company and admits that it maintains a registered office and its primary place of business at the respective addresses alleged.

7. Admitted in part and denied in part. Equity Experts admits that, at times, it acts as a "debt collector" as the term is defined by the FDCPA at 15

U.S.C. § 1692a(6). Equity Experts denies it was acting as a debt collector at all times relevant to the alleged acts giving rise to the present suit, as Equity Experts lacks sufficient knowledge and information to form a belief as to whether Plaintiff's debt obligation is a debt as defined by 15 U.S.C. § 1692a(5) and, therefore, denies the same. Unless otherwise admitted, Equity Experts denies the allegations in this paragraph.

### ANSWER TO FACTUAL ALLEGATIONS

8. Admitted in part and denied in part. Equity Experts admits that Plaintiff incurred a financial obligation with Wallington-Berkeley Condominium Associates. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Equity Experts refer all questions of law to the Court.

9. Denied. Equity Experts lacks knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and therefore denies the same. Further responding, to the extent that the allegations in this paragraph constitute conclusions of law, they are denied as such. Equity Experts refer all questions of law to the Court.

10. Denied. Equity Experts lacks knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and therefore denies the same.

11. Denied. Plaintiff's Exhibit 1 is a writing that speaks for itself and, therefore, any mischaracterization of such by Plaintiff, express or implied, is denied.

12. Denied. Equity Experts lacks knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and therefore denies the same.

13. Denied. Equity Experts lacks knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and therefore denies the same.

14. Admitted.

15. Denied. Equity Experts denies the allegations set forth in this paragraph.

16. Denied. Equity Experts lacks knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and therefore denies the same. Further responding, to the extent that the allegations in this paragraph constitute conclusions of law, they are denied as such. Equity Experts refer all questions of law to the Court.

17. Admitted in part and denied in part. Equity Experts admits that Plaintiff's delinquent account was placed with Equity Experts to collect from Plaintiff an amount due and owing. All remaining allegations are denied.

18. Denied. Equity Experts lacks knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and therefore denies the same. Further responding, Plaintiff's Exhibit 2 is a writing that speaks for itself and, therefore, any mischaracterization of such by Plaintiff, express or implied, is denied.

19. Admitted in part and denied in part. Equity Experts admits that it sent Plaintiff a debt collection notice, a copy of which is attached to Plaintiff's Complaint as Exhibit 3, on or about November 3, 2017. Further responding, Plaintiff's Exhibit 3 is a writing that speaks for itself and, therefore, any mischaracterization of such by Plaintiff, express or implied, is denied.

20. Denied. Equity Experts lacks knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and therefore denies the same.

21. Admitted in part and denied in part. Equity Experts admits that it sent Plaintiff a debt collection notice, a copy of which is attached to Plaintiff's Complaint as Exhibit 4, on or about December 4, 2017. Further responding, Plaintiff's Exhibit 4 is a writing that speaks for itself and, therefore, any mischaracterization of such by Plaintiff, express or implied, is denied.

22. Denied. Equity Experts lacks knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and therefore denies the same.

23. Admitted in part and denied in part. Equity Experts admits that on or about December 7, 2017, it sent correspondence to Plaintiff via email and that Plaintiff has attached email correspondence between Plaintiff and Equity Experts as Plaintiff's Exhibit 5. Further responding, Plaintiff's Exhibit 5 is a writing that speaks for itself and, therefore, any mischaracterization of such by Plaintiff, express or implied, is denied.

24. Denied. Plaintiff's Exhibit 5 is a writing that speaks for itself and, therefore, any mischaracterization of such by Plaintiff, express or implied, is denied. Equity Experts denies all remaining allegations of this paragraph.

25. Denied. Plaintiff's Exhibit 5 is a writing that speaks for itself and, therefore, any mischaracterization of such by Plaintiff, express or implied, is denied.

26. Denied. Plaintiff's Exhibit 5 is a writing that speaks for itself and, therefore, any mischaracterization of such by Plaintiff, express or implied, is denied.

27. Admitted in part and denied in part. Equity Experts admits that Plaintiff did not receive additional correspondence from it for a time. Further responding, Plaintiff's Exhibit 6 is a writing that speaks for itself and, therefore, any mischaracterization of such by Plaintiff, express or implied, is denied.

28. Admitted in part and denied in part. Equity Experts admits that it corresponded with Plaintiff via email on December 15, 2017. Further responding, Plaintiff's Exhibit 7 is a writing that speaks for itself and, therefore, any mischaracterization of such by Plaintiff, express or implied, is denied.

29. Denied. The allegations in this paragraph constitute conclusions of law, they are denied as such. Equity Experts refer all questions of law to the Court. Further responding, Plaintiff submitted his letter of dispute after the close of the validation period provided under 15 U.S.C. § 1692g such that it did not trigger a requirement that Equity Experts cease collection activity until it provided Plaintiff verification of his delinquent account. *Compare* Pl. Ex. 1

(collection letter dated Nov. 3, 2017) *with* Pl. Ex. 6 (letter of dispute dated Dec. 14, 2017).[1]

30. Admitted in part and denied in part. Equity Experts admits that it sent Plaintiff letters dated December 20, 2017 and January 3, 2018. The letters, attached as Plaintiff's Exhibit 8, are writings that speaks for themselves and, therefore, any mischaracterization of such by Plaintiff, express or implied, is denied.

31. Denied. Equity Experts denies the allegations set forth in this paragraph. Further responding, Plaintiff furnished his request for verification after the expiration of the validation period. *See* 15 U.S.C. § 1692g(b) (providing a thirty-day period for a consumer to dispute a debt in writing).

32. Denied. Equity Experts denies the allegations set forth in this paragraph.

33. Denied. Equity Experts denies the allegations set forth in this paragraph.

34. Denied. Equity Experts denies the allegations set forth in this paragraph.

35. Denied. Equity Experts denies the allegations set forth in this paragraph.

---

[1] Oddly, Plaintiff's letter of dispute is also dated Nov. 28, 2017. *See* ECF 1 at Pl. Ex. 6. Plaintiff's allegations, however, place the sending of his letter of dispute on a date after Dec. 7, 2017. *See id.* at ¶¶ 26-27.

## ANSWER TO ALLEGED RESPONDEAT SUPERIOR LIABILITY

36. Denied. The allegations in this paragraph constitute conclusions of law, they are denied as such. Equity Experts refer all questions of law to the Court.

37. Admitted in part and denied in part. Equity Experts admits that some acts or omissions of its employees were incidental to or of the same general nature as the responsibilities its employees were authorized to perform but denies authorizing any employee to violate the FDCPA, to the extent any such violation allegedly occurred.

38. Denied. The allegations in this paragraph constitute conclusions of law, they are denied as such. Equity Experts refer all questions of law to the Court.

39. Denied. The allegations in this paragraph constitute conclusions of law, they are denied as such. Equity Experts refer all questions of law to the Court. Further responding, Plaintiff makes no allegations under Minnesota law.

## ANSWER TO DEMAND FOR TRIAL BY JURY

40. Admitted in part and denied in part. Equity Experts admits that Plaintiff demands a trial by jury but denies that such trial is available in the absence of any viable claims.

## ANSWER TO ALLEGED CAUSES OF ACTION

### COUNT I

### ALLEGED VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 *ET SEQ.*

41. No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Equity Experts incorporate their responses to Paragraphs 1 through 40, above, as though fully set forth herein.

42. Denied. Equity Experts denies the allegations set forth in this paragraph.

43. Denied. Equity Experts denies the allegations set forth in this paragraph.

44. Denied. Equity Experts denies the allegations set forth in this paragraph.

45. Denied. Equity Experts denies the allegations set forth in this paragraph.

## ANSWER TO PRAYER FOR RELIEF

Admitted in part and denied in part. Equity Experts admits that Plaintiff prays for relief, including declaratory and injunctive relief, damages, attorney fees and costs. Equity Experts denies that Plaintiff is entitled to any such relief in the absence of any viable claim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

If Equity Experts violated the FDCPA, which it denies, Plaintiff has incurred no actual damages or any ascertainable loss as a result of the purported violation by Equity Experts.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to show any violation of the FDCPA and, therefore, is not entitled to attorneys' fees or costs.

**FOURTH AFFIRMATIVE DEFENSE**

Equity Experts did not violate 15 U.S.C. § 1692e because it did not use any false, deceptive or misleading representations or means in connection with the collection of any debt. Therefore, Plaintiff's claims under § 1692e of the FDCPA should be dismissed or withdrawn.

**FIFTH AFFIRMATIVE DEFENSE**

A Plaintiff in an FDCPA action has the burden of proving that the underlying debt is consumer in nature. Plaintiff has not pleaded sufficient facts demonstrating that the alleged debt at issue was a consumer debt.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege any fact that would support a claim for actual damages. Therefore, to the extent Plaintiff seeks actual damages, that request for should be dismissed or withdrawn.

**SEVENTH AFFIRMATIVE DEFENSE**

Equity Experts is not liable to Plaintiff because any alleged violation, if true, was either unintentional or the result of a *bona fide* error despite the

maintenance of procedures reasonably adapted to avoid any such violation or error. *See* 15 U.S.C. § 1692k.

### EIGHTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Equity Experts denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability or damages as to Equity Experts.

### NINTH AFFIRMATIVE DEFENSE

Equity Experts did not violate 15 U.S.C. § 1692g because Plaintiff did not submit his written dispute until after the expiration of the 30-day period provided to do so. Therefore, Plaintiff's claims under § 1692g of the FDCPA should be dismissed or withdrawn.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has agreed to arbitrate all claims asserted herein, Equity Experts demands that Plaintiff dismiss this action and proceed to arbitration.

### ELEVENTH AFFIRMATIVE DEFENSE

Equity Experts reserves the right to assert any other affirmative defense not provided for herein upon further investigation and discovery.

**WHEREFORE**, Equity Experts EquityExperts.org, L.L.C. respectfully request that this Honorable Court enter judgment in its favor, dismissing Plaintiff's Complaint and granting any and all other relief as the Court deems just and equitable.

Dated:   Brooklyn, NY                     Respectfully submitted,
         May 16, 2018

                                                **BROCK & SCOTT, PLLC**

                                  By:   /s/*Matthew B. Johnson*
                                        Matthew B. Johnson
                                        Bar No. 268549
                                        300 Cadman Plaza West
                                        One Pierrepont Plaza, 12th Fl.
                                        Brooklyn, NY 11201
                                        Ph: 646.710.3912
                                        Matt.Johnson@brockandscott.com
                                        *Attorneys for Defendant*

TO:   FIELDS LAW FIRM
      Blake R. Bauer
      Merrick B. Williams
      701 Washington Ave N, Suite 300
      Minneapolis, MN 55401
      Ph: 612.206.3489
      *Attorneys for Plaintiff*